## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-24326-MOORE/Elfenbein

**SHEILA PRYOR,**
*as legal guardian and natural parent of A.L,*
*a minor child,*

      Plaintiff,

v.

**CARNIVAL CORPORATION**,

      Defendants.

_____/

## REPORT AND RECOMMENDATION ON UNOPPOSED MOTION TO PERMIT THE PARTIES TO CONSUMMATE THEIR SETTLEMENT AGREEMENT

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion to Permit the Parties to Consummate their Settlement Agreement (the "Motion"), ECF No. [30].  The Honorable K. Michael Moore referred the Motion to me "to take all necessary and proper action as required by law and to issue a Report and Recommendation."  *See* ECF No. [31].

### I.  BACKGROUND

Plaintiff, as legal guardian and natural parent of A.L., filed this action against Defendant for personal injuries that A.L. sustained as a passenger on board the Carnival Paradise.  *See* ECF No. [1].  While A.L. was enjoying the waterslide at the waterpark and wearing water shoes, a Carnival crew member allegedly instructed A.L. to take off his water shoes before going down the slide, which A.L. did.  *See* ECF No. [1].  After A.L. slid down the waterslide and attempted to step over the ledge at the end of the slide and onto the deck flooring, A.L. slipped and fell on a large puddle of water.  *See* ECF No. [1].  As a result of this incident, Plaintiff alleges that A.L. sustained a distal fractured tibia to his left leg.  *See* ECF No. [1].

During the course of this litigation, the Parties settled A.L.'s claim, *see* ECF No. [25], so Plaintiff filed the Motion asking the Court to "permit the parties to consummate their settlement or in the alternative appoint attorney Paul Hoffman as the Guardian Ad Litem of the minor A.L. for review and approval of the settlement amount and to further represent the interest of the minor child." *See* ECF No. [30] at 4-5.  In the Motion, Plaintiff further explains that A.L. is thirteen years old, lives with his mother, and that his mother filed this action on his behalf and was involved in the negotiations and agreed to the ultimate settlement between the Parties.  *See* ECF No. [30] at 2.  Because there is no conflict of interest between A.L. and his mother, Plaintiff states that the appointment of a guardian ad litem is not necessary, but should the Court disagree, Plaintiff proposes that the Court appoint Paul Hoffman, Esq.  *See* ECF No. [30] at 3-5.

Following the referral of the Motion, the undersigned ordered supplemental briefing from the Parties to answer the following two questions: "(1) Does Florida or federal maritime law apply to the settlement of the minor Plaintiff? and (2) Because the settlement agreement resolves the claims of a minor, under Florida or federal maritime law (as applicable), is the Court required to review and approve it before the Parties may consummate it, even if no Guardian Ad Litem is necessary?" *See* ECF No. [32].  The Parties thereafter filed their joint Supplemental Briefing in which they agreed with the following: (1) maritime law generally applies to the substantive claims; (2) the Federal Rules of Civil Procedure apply, including Rule 17, which does not require the appointment of a guardian ad litem in this case; and (3) although the Court may approve the settlement, judges in this district do not customarily review and scrutinize a minor's settlement in cases arising under maritime law.  *See* ECF No. [33].

## II.     DISCUSSION

### a.  Appointment of Guardian Ad Litem

"It is well established that '[t]he appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure.'"  *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (quoting *Roberts v. Ohio Cas. Ins. Co.,* 256 F.2d 35, 38 (5th Cir. 1958)(alterations in original)).  Rule 17(c) dictates when courts must appoint a guardian ad litem in cases involving minors or incompetent persons and provides as follows:

> **(2)** ***Without a Representative.*** A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2).  This rule "does not require that a district court appoint a guardian ad litem in all cases," *Burke*, 252 F.3d at 1264, because it applies only to those who are "unrepresented in an action," *see* Fed. R. Civ. P. 17(c)(2).  In *Burke*, the Eleventh Circuit explained that when a minor is represented, the court "need not even consider the question of whether a guardian ad litem should be appointed" "unless a conflict exists between the representative and minor." 252 F.3d at 1264.  But when a parent represents the minor as a party to a lawsuit and has the same interests as the minor, "no inherent conflict of interest" will exist. *Id.*

Here, A.L.'s mother is a party to the lawsuit and has been involved in the negotiations on behalf of her son and has approved the settlement amount.  *See* ECF No. [30] at 2.  There is no reason to believe that the mother's interests are not aligned with A.L.'s interests or that a conflict exists between the two.  *See Gonzalez ex rel. Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla.), *aff'd sub nom. Gonzalez v. Reno*, 212 F.3d 1338 (11th Cir. 2000) ("Typically, the next friend who sues on behalf of a minor is that minor's parent. . . . Furthermore, when a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists

for someone other than the parent to represent the child's interests under Rule 17(c)."). Thus, Rule 17(c) does not require the appointment of a guardian ad litem in this instance.

### b. Court Approval of Settlement of Minor's Claim in Maritime Claims

"Federal maritime law does not require court approval of settlements in actions brought on behalf of a ward." *Rivera v. Royal Caribbean Cruises Ltd.*, Case No. 18-CV-21335-SCOLA, ECF No. [15] (S.D. Fla. Oct. 1, 2018). For that reason, in cases arising under maritime law, courts in this District routinely decline to undertake a review of settlements involving minors. *Id.* (declining to approve settlement agreement in maritime case); *Miller v. Royal Caribbean Cruises, Ltd.*, Case No. 24-CV-20311-WILLIAMS, ECF No. [17] (S.D. Fla. July 31, 2024) ("[A]s alleged in Plaintiff's Complaint, the Court finds that Plaintiff's claims arise under the General Maritime Law of the United States, and federal maritime law does not require court approval of settlements in actions brought on behalf of a ward."); *Aviles v. Royal Caribbean Cruises Ltd.*, Case No. 23-CV-24626-MOORE, ECF [17] (S.D. Fla. June 5, 2024) ("[T]he Court agrees with Plaintiff that '[f]ederal maritime law does not require court approval of settlements in actions brought on behalf of a ward.'"); *Aguilar v. Carnival Corp.*, Case No. 23-CV-21021-MOORE, ECF No. [25] (S.D. Fla. Aug. 9, 2023) (ruling that the court need not approve the settlement brought on behalf of a ward in federal maritime cases and directing the parties to file a stipulation of dismissal); *Barton v. Carnival Corporation*, Case No. 21-CV-20711-MOORE, ECF No. [45] (S.D. Fla. June 23, 2022) (denying motion to approve settlement because "[f]ederal maritime law does not require court approval of settlements in actions brought" on behalf of a minor); *Matarieh v. Carnival Corporation*, Case No. 20-CV-24089, ECF No. [16] (S.D. Fla. Aug. 16, 2021) (holding that Court approval of settlement is not necessary for minor in maritime cruise lawsuit).

In this case, A.L.'s claims arise under maritime law for injuries he sustained while he was a passenger on board Defendant's cruise ship. Because federal maritime law applies and such law does not require court approval over a settlement involving a minor, such as A.L., the Court need not review the terms of the settlement and determine whether the settlement is in A.L.'s best interests. Accordingly, the Parties should be allowed to consummate their negotiated settlement agreement without further Court involvement.

### III.    CONCLUSION

As Rule 17 does not require the appointment of a guardian ad litem under the present circumstances and substantive maritime law does not require court approval of settlements involving a minor, I **RESPECTFULLY RECOMMEND** that the Motion, **ECF No. [30]**, be **GRANTED**; that the Parties be allowed to consummate their settlement, and that the Parties submit their Joint Stipulation of Dismissal with Prejudice forthwith.

Pursuant to Local Magistrate Rule 4(b), the Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

CASE NO. 24-CV-24326-MOORE/Elfenbein

**RESPECTFULLY SUBMITTED** in chambers in Miami, Florida on October 13, 2025.

MARTY FULGUEIRA ELFENBEIN
UNITED STATES MAGISTRATE JUDGE

Cc:  All Counsel of Record

6